UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY F. STEWART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>California Highway Patrol Officer BILLY J. SAUKKOLA (Badge #18291), California Highway Patrol Commissioner JOSEPH FARROW, COUNTY OF YUBA, a municipal corporation duly organized under the laws of the State of California, Yuba County Sheriff STEVEN L. DURFOR, and Does 1-20,[1]<br><br>　　　　　Defendants. | No.  2:16-cv-00388-KJM-EFB<br><br><br>ORDER |

---

[1] The Ninth Circuit provides, "'[Plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original). Plaintiff is cautioned that such defendants will be dismissed where "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (quoting *Gillespie*, 629 F.2d at 642). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within ninety days of filing of the complaint unless the plaintiff shows good cause. *See Glass v. Fields*, No. 1:09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sept. 27, 2011).

1           This action arises from the arrest and alleged assault of plaintiff Shelby Stewart by
defendant California Highway Patrol ("CHP") Officer Billy Saukkola and an unnamed Yuba
County Sheriff Deputy on January 4, 2015, after plaintiff and his five-year-old daughter went to
investigate the aftermath of a solo car accident that occurred down their street.  This matter is
before the court on motions to dismiss filed by defendants Saukkola and CHP Commissioner
Joseph Farrow (collectively, "the CHP defendants"), ECF No. 5, and by defendants Yuba County
Sheriff Steven Durfor and the County of Yuba (collectively, "the County defendants"), ECF
No. 4.  Plaintiff opposes the motions, in part, ECF Nos. 8 & 9, and defendants replied, ECF
Nos. 10 & 11.  The court held a hearing and initial scheduling conference on May 18, 2016, at
which Beau Weiner appeared for plaintiff, William Cummings appeared for the CHP defendants,
and Derek Haynes appeared for the County defendants.  Having reviewed the allegations of the
complaint and the parties' briefing, the court orders as follows:[2]

I.      42 U.S.C. § 1983: UNREASONABLE SEARCH AND SEIZURE AND EXCESSIVE
        FORCE

        The complaint asserts a claim for violation of plaintiff's Fourth and Fourteenth
Amendment rights to be free from unreasonable search and seizure and excessive force under
42 U.S.C. § 1983 against defendants Saukkola, Farrow, and Durfor.  *See* Compl. ¶¶ 50–55, ECF
No. 1.  The court finds the complaint fails to plead sufficient factual allegations to support a claim
against Durfor and Farrow.

        At hearing, plaintiff conceded this claim should be dismissed as to Durfor and
Farrow without leave to amend.  *See* ECF No. 8 at 3–4; ECF No. 9 at 3.  Accordingly, the court
DISMISSES plaintiff's first claim for relief with respect to Farrow and Durfor without leave to
amend, leaving Saukkola as the sole named defendant in this claim.

/////

/////

---

[2] In an effort to streamline resolution of first motions to dismiss in cases where the parties have counsel and the court is granting leave to amend, the court is adopting a shortened form of order consistent with the order issued here.

II.     42 U.S.C. § 1983: MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY

The complaint next asserts a claim for municipal liability based on an unconstitutional custom, practice, or policy under 42 U.S.C. § 1983 against Durfor and the County of Yuba.  *See* Compl. ¶¶ 56–65.

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation and quotation marks omitted).  To succeed on a § 1983 claim against a municipality for an unconstitutional custom, practice, or policy, a plaintiff must show "(1) that [the plaintiff] possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."  *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citation and internal quotation marks omitted); *see Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (affirming dismissal where plaintiff failed to allege "any facts demonstrating that his constitutional depravation was the result of a custom or practice of the [defendant city] or that the custom or practice was the 'moving force' behind his constitutional deprivation").

A plaintiff may prove the existence of a custom or informal policy by showing a pattern of similar incidents that demonstrate the alleged informal policy was "so permanent and well settled as to constitute a custom or usage with the force of law."  *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)) (quotation marks omitted).  To establish the existence of an informal policy, the plaintiff ordinarily must show more than a single constitutional deprivation, random act, or isolated event.  *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999).  In addition, to withstand a motion to dismiss under Rule 12(b)(6), a case cannot rest on the bare allegation of unlawful policies, customs, or practices.  *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

/////

1    Here, the court finds the complaint's conclusory allegations and allegations of a
2 single incident of excessive force are insufficient to establish the existence of a county policy that
3 was the moving force behind the alleged constitutional violations. *See Christie*, 176 F.3d at 1235;
4 *Johnson v. Cate*, No. 10-00803, 2012 WL 1076209, at *3 (E.D. Cal. Mar. 29, 2012) ("Plaintiff
5 must allege facts, not conclusions, to support his municipality claim." (citing *Ashcroft v. Iqbal*,
6 556 U.S. 662, 678 (2009))).
7    At hearing, plaintiff conceded his claim for municipal liability against Durfor and
8 the County of Yuba should be dismissed without leave to amend. *See* ECF No. 8 at 3, 7 n.1.
9 Accordingly, the court DISMISSES plaintiff's municipal liability claim against Durfor and the
10 County without leave to amend.

11 III.   42 U.S.C. § 1985: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
12    The complaint asserts a claim for conspiracy to interfere with civil rights under
13 42 U.S.C. § 1985(3) against Saukkola and unnamed officers. Compl. ¶¶ 66–70. The court finds
14 the complaint fails to plead facts establishing that plaintiff is a member of a suspect or quasi-
15 suspect class or that the defendants conspired to violate plaintiff's constitutional rights, as
16 required to state a claim under § 1985(3). *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536
17 (9th Cir. 1992); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere
18 allegation of conspiracy without factual specificity is insufficient.").
19    At hearing, plaintiff conceded this claim should be dismissed in its entirety without
20 leave to amend. *See* ECF No. 8 at 3; ECF No. 9 at 3. Accordingly, the court DISMISSES
21 plaintiff's § 1985 claim without leave to amend.

22 IV.   42 U.S.C. § 1983: SUPERVISORY LIABILITY
23    The complaint asserts another § 1983 claim against Farrow and Durfor for
24 supervisory liability. Compl. ¶¶ 71–81. "A defendant may be held liable as a supervisor under
25 § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation,
26 or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
27 constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v.*
28 *Black*, 885 F.2d 642, 646 (9th Cir. 1989)). "The requisite causal connection can be

4

established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207–08 (internal quotation marks and citations omitted; alterations in *Starr*). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

Here, apart from conclusory allegations as to the conduct of "Defendants" as a whole, the complaint makes no particular allegations regarding Durfor's involvement. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Accordingly, the court DISMISSES the supervisory liability claim against Durfor. At hearing, plaintiff requested leave to amend this claim. In light of the Federal Rules' policy of favoring amendments, the court GRANTS plaintiff leave to amend his supervisory liability claim against Durfor if he can do so consonant with Rule 11. *See* Fed. R. Civ. P. 15(a)(2); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

With respect to the supervisory claim against Farrow, the complaint alleges Saukkola had a history of engaging in acts of excessive force, and Farrow was aware of at least one prior incident, where a CHP video shows Saukkola "delivering multiple brutal knee strikes to an unarmed suspect's head while the suspect was restrained on the ground." Compl. ¶¶ 78–79. The complaint alleges that despite this knowledge, Farrow failed to properly train, supervise, or discipline Saukkola for his repeated misconduct. *Id.* ¶ 80. The court finds these factual allegations sufficiently plead Farrow's involvement and a causal connection between that involvement and Saukkola's alleged constitutional violation. The court DENIES the CHP defendants' motion to dismiss the supervisory liability claims against Farrow.

/////

/////

V.     CALIFORNIA CIVIL CODE SECTION 52.1 (BANE ACT)

The complaint asserts a claim against Saukkola and Farrow for violation of the California Bane Act, Cal. Civ. Code § 52.1. Compl. ¶¶ 82–85. The California Bane Act prohibits any person from interfering by "threats, intimidation, or coercion . . . with the exercise or enjoyment by any individual . . . of rights secured by the Constitution . . . or of the rights secured by the Constitution or laws of this state . . . ." Cal. Civ. Code § 52.1(a). While a Bane Act claim is in certain respects the functional equivalent of a section 1983 claim, such a claim, to succeed, requires more than evidence of a violation of rights. *Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1007 (N.D. Cal. 2014). A plaintiff bringing a Bane Act claim "must introduce . . . evidence showing threats, intimidation, or coercion" that is independent from the coercion inherent in the unlawful arrest itself. *Malott v. Placer Cty.*, No. 14-1040, 2016 WL 538462, at *7 (E.D. Cal. Feb. 11, 2016) (discussing *Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015)). California courts have held that "a wrongful arrest or detention, without more, does not satisfy both elements of section 52.1." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 69 (2015); *Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012). However, a plaintiff may state a claim under section 52.1 where an unlawful arrest is accompanied by "the deliberate and spiteful use of excessive force," such that the force constitutes coercion separate and apart from the coercion inherent in an unlawful arrest. *Bender v. Cty. of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013).

Here, the complaint alleges Saukkola and Farrow violated plaintiff's rights to be free from unreasonable searches and seizures and excessive force under the California Constitution, California Civil Code, and the Fourth and Fourteenth Amendments of the U.S. Constitution. Compl. ¶ 83. It alleges Saukkola interfered with these rights when he detained and arrested plaintiff without probable cause and then, from a standing position, "dropped his entire body weight down on [plaintiff]," "slammed his knee into [plaintiff's] lower back," and sat on top of plaintiff's back. *Id.* ¶¶ 33–35, 84. Saukkola allegedly applied this force after plaintiff was already handcuffed on the ground and had told the officers he had had reconstructive surgery on his lower back. *Id.* ¶¶ 33–35.

6

1          The CHP defendants move to dismiss plaintiff's Bane Act claim because they say
2  the complaint does not allege any actions by Farrow, and the force allegedly applied by Saukkola
3  was force "inherent" in the arrest under *Allen*, 234 Cal. App. 4th at 67–68.  ECF No. 5 at 5, 8–12.
4  The court agrees that the complaint fails to plead facts establishing any threats, intimidation, or
5  coercion by Farrow.  At hearing, plaintiff conceded this claim should be dismissed as to Farrow
6  without leave to amend.  Accordingly, the court DISMISSES plaintiff's Bane Act claim against
7  Farrow without leave to amend.

8          However, the court finds the complaint satisfies both elements of section 52.1 with
9  respect to Saukkola, because the force allegedly applied by Saukkola constitutes coercion
10 separate and apart from the coercion inherent in an arrest.  Significantly, Saukkola allegedly
11 dropped his weight on plaintiff, slammed his knee into plaintiff's lower back, and sat on
12 plaintiff's back after plaintiff had already been handcuffed and was lying on the ground.  Compl.
13 ¶¶ 33–35.  Such force applied to an unresisting, handcuffed plaintiff cannot be said to constitute
14 force inherent in an arrest.  *See Bender*, 217 Cal. App. 4th at 979 (finding a clear showing of
15 independent coercion where officer "deliberately and unnecessarily beat and pepper-sprayed [an]
16 unresisting, already handcuffed plaintiff").  The court DENIES the CHP defendants' motion to
17 dismiss plaintiff's Bane Act claim against Saukkola.

18 VI.    CLAIMS SIX THROUGH NINE: ASSAULT AND BATTERY, NEGLIGENCE, FALSE
        ARREST, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
19

20         Finally, the complaint asserts claims against Saukkola and Farrow for assault and
21 battery, negligence, false arrest, and intentional infliction of emotional distress.  Compl. ¶¶ 86–
22 106.  The CHP defendants move to dismiss each of these claims against Farrow and to dismiss
23 plaintiff's false arrest claim against both Saukkola and Farrow.  ECF No. 5 at 4–8, 12–13.

24         The court finds the complaint fails to plead sufficient factual allegations regarding
25 Farrow's actions to state a claim against Farrow for any of these causes of action.  At hearing,
26 plaintiff conceded these claims against Farrow should be dismissed without leave to amend.
27 Accordingly, the court DISMISSES plaintiff's claims against Farrow for assault and battery,
28 negligence, false arrest, and intentional infliction of emotional distress without leave to amend.

However, the court DENIES the CHP defendants' motion to dismiss the false arrest claim against Saukkola.  Contrary to defendants' assertion, construing the allegations in the light most favorable to plaintiff, Saukkola did not have probable cause to suspect that plaintiff had committed or was about to commit a violation of California Penal Code section 148(a)(1)[3] or some other crime.  The complaint alleges Saukkola arbitrarily singled plaintiff out from the group of neighbors and told him to move back, despite the fact that numerous individuals were closer to the accident scene than plaintiff was, and then told the unnamed Sheriff Deputy, "We're taking him," and grabbed plaintiff's arm.  Compl. ¶¶ 30–32.  Although the complaint alleges that before Saukkola arrived at the scene, plaintiff had called the paramedic an "ambulance driver," which apparently offended her, *id.* ¶ 26, the court does not find this fact alone establishes at this stage that Saukkola had probable cause for the arrest.

VII.     PUNITIVE DAMAGES

The complaint prays for punitive damages, among other relief.  *Id.* ¶¶ 54, 64, 103, 106; *id.* at 19.  The County and Durfor move to dismiss plaintiff's demand for punitive damages, arguing punitive damages are not available as a matter of law.  ECF No. 4-1 at 8.  In his opposition and at hearing, plaintiff clarified he seeks punitive damages against only the individual defendants, including Durfor, rather than the County or any defendant in his official capacity. *See* ECF No. 8 at 8.  Punitive damages are available against supervisory officials in their individual capacity, but not in their official capacity.  *Larez v. City of Los Angeles*, 946 F.2d 630, 646–49 (9th Cir. 1991); *see also Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

The court DENIES the County defendants' motion to dismiss plaintiff's demand for punitive damages.  If the amended complaint seeks punitive damages, plaintiff is ORDERED

---

[3] Section 148(a)(1) states,

> Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician . . . in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

to clarify he seeks punitive damages against only the individual defendants in their individual capacity, as allowed by law.

VIII.   CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART as follows:

The court DISMISSES plaintiff's first claim for unreasonable search and seizure and excessive under § 1983 against Farrow and Durfor WITHOUT LEAVE TO AMEND.  This leaves Saukkola as the sole named defendant in this claim.

The court DISMISSES plaintiff's second claim for municipal liability under § 1983 in its entirety WITHOUT LEAVE TO AMEND.

The court DISMISSES plaintiff's third claim for conspiracy to interfere with civil rights under § 1985 in its entirety WITHOUT LEAVE TO AMEND.

The court DISMISSES plaintiff's fourth claim for supervisory liability under § 1983 against Durfor WITH LEAVE TO AMEND.  The court DENIES the CHP defendants' motion to dismiss this claim against Farrow.  This leaves Farrow as the sole named defendant in this claim.

The court DISMISSES plaintiff's fifth claim for violation of the Bane Act against Farrow WITHOUT LEAVE TO AMEND.  The court DENIES the CHP defendants' motion to dismiss this claim against Saukkola.  This leaves Saukkola the sole named defendant in this claim.

The court DISMISSES plaintiff's sixth through ninth claims against Farrow for assault and battery, negligence, false arrest, and intentional infliction of emotional distress WITHOUT LEAVE TO AMEND.  The court DENIES the CHP defendants' motion to dismiss the false arrest claim against Saukkola.  This leaves Saukkola as the sole named defendant in plaintiff's sixth through ninth claims.

The court DENIES the County defendants' motion to dismiss plaintiff's demand for punitive damages.  If the amended complaint seeks punitive damages, plaintiff is ORDERED

to clarify he seeks punitive damages only against the individual defendants in their individual capacity, as allowed by law.

An amended complaint consistent with this order shall be filed within fourteen (14) days of the date this order is filed.

IT IS SO ORDERED.

DATED: June 21, 2016.

UNITED STATES DISTRICT JUDGE